UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DUANE THORN RAY,<br><br>                Petitioner,<br><br>    v.<br><br>DOUG WADDINGTON,<br><br>                Respondent. | Case No.  C06-5260 RBL/KLS<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**APRIL 20, 2007** |

    This habeas corpus action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner filed this action under 28 U.S.C. § 2254, challenging his 1994 conviction and sentence.  (Dkt. # 1). Respondent has filed a timely answer in opposition (Dkt. # 20), and Petitioner has filed a reply (Dkt. # 22).  Having reviewed the parties' submissions and the state court record (Dkt. # 22), the undersigned agrees that the petition is time barred and recommends that the petition be **DISMISSED WITH PREJUDICE**.

### I. BASIS FOR CUSTODY

    Petitioner is in custody of the Washington Department of Corrections (DOC). He is confined at the Washington Corrections Center. In 1994, Petitioner pled guilty to first-degree rape, first-

REPORT AND RECOMMENDATION
Page - 1

degree robbery, attempted first-degree murder and two counts of first degree burglary. (Dkt. # 21, Exh. 1). The trial court sentenced him to an exceptional sentence of 744 months. (*Id*. at 4).

## II. STATEMENT OF THE CASE

**A.   State Court Procedural History**

On January 11, 1995, Petitioner appealed. (*Id*., Exh. 2, ACORDS printout, Cause Number 19012-5). The Court of Appeals affirmed his conviction on May 9, 1997. (*Id*., Exh. 2 at 1). Petitioner did not petition for review.

On October 1, 2004, Petitioner filed a motion to correct his judgment and sentence, which the superior court transferred it to the court of appeals. (*Id*., Exh. 3). On February 2, 2005, the court of appeals dismissed motion. (*Id*., Exh. 4). Petition filed a motion for discretionary review. (*Id*., Exh.5). The Supreme Court denied review on November 2, 2005. (*Id*., Exh. 6). Petitioner moved to modify. (*Id*., Exh. 7). The Supreme Court denied the motion to modify on January 10, 2006. (*Id*., Exh. 8).

**B.   Federal Court Proceedings**

Petitioner present the Court with three grounds for relief:

### ISSUE I

CAN A "WASHINGTON STATE COURT" DENY OR WAIVE A DEFENDANT OF HIS SIXTH AMENDMENT RIGHTS TO A JURY OR HIS WASHINGTON STATE CONSTITUTIONAL RIGHT UNDER ARTICLE 1 § 21 AND THE UNITED STATES CONSTITUTIONAL SIXTH AMENDMENT?

### ISSUE II

IS THE STATE OF WASHINGTON IGNORING FEDERAL/STATE LAWS WHEN THE LAWS THEY ARE REVIEWING ARE NO LONGER IN EXISTENCE? AND DENYING PETITIONER'S CORRECTION OF UNCONSTITUTIONAL SENTENCES. IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT.

ISSUE III

IS THE STATE OF WASHINGTON IGNORING ITS OWN STATUTORY LAWS OF RETROACTIVE APPLICATION AS LISTED IN RCW 10.73.100(6) IN APPLYING NEW LAW. IN VIOLATION OF THE STATE OF WASHINGTON ARTICLE 1 § 22, AND THE UNITED STATES DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT?

(Dkt. # 1, at 5).

### III.  EXHAUSTION OF STATE REMEDIES

Because the petition is untimely under the statute of limitations, 28 U.S.C. § 2244(d), the Court need not determine whether petitioner properly exhausted his available state remedies. 28 U.S.C. § 2254(b)(2).

### IV.  EVIDENTIARY HEARING

A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense . . . .

28 U.S.C. § 2254(e)(2).

The decision to hold a hearing is committed to the court's discretion. *Williams v. Woodford,* 306 F.3d 665, 688 (9th Cir. 2002).  A hearing is not required unless the petitioner "alleges facts which, if proved, would entitle him to relief." *Townsend v. Sain*, 372 U.S. 293, 312 (1963). The petitioner must produce some evidence demonstrating the existence of a genuine question of material fact. *Morris v. State of California*, 966 F.2d 448, 454-55 (9th Cir. 1991), *cert. denied*, 506 U.S. 831 (1992). A hearing is not required if the claim presents a purely legal question or may be resolved

by reference to the state court record. *Campbell v. Wood*, 18 F.2d 662, 679 (9th Cir.) (en banc), cert. denied, 511 U.S. 1119 (1994). Because the petition in this case is untimely, Petitioner cannot satisfy these standards, and he is not entitled to an evidentiary hearing.

## V.  STANDARD OF REVIEW

A federal petition for writ of *habeas corpus* filed on behalf of a person in custody pursuant to a judgment of a state court, shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

State court judgments carry a presumption of finality and legality. *McKenzie v. McCormick,* 27 F.3d 1415, 1418 (9th Cir. 1994), cert. denied, 513 U.S. 1118 (1995).  Federal habeas corpus relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The petitioner must prove the custody violates the Constitution, laws or treaties of the United States. *McKenzie*, 27 F.3d at 1418-19.  If a petitioner establishes a constitutional trial error, the Court must determine if the error caused actual prejudice. *Brecht v. Abrahamson*, 507 U.S. 619, 637-39 (1993).

## VI. DISCUSSION

**A.     The Habeas Corpus Petition is Untimely Under The Federal Statute Of Limitations, 28 U.S.C. § 2244(d).**

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d).   For petitioners whose state court

judgments became final prior to April 24, 1996, the one-year time period began running on the date the statute was signed into law and expired on April 23, 1997. *Calderon v. United States Dist. Court for the Cent. Dist. of Cal. (Beeler)*, 128 F.3d 1283, 1287 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 (1998). The statute of limitations is subject to equitable tolling, but such tolling "will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* at 1288 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)).

Where the challenged conviction became final after April 24, 1996, the statute generally begins to run from one of the following four dates:

(A)  the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Direct review ordinarily concludes either upon the expiration of the time for filing a petition for writ of certiorari, or when the Supreme Court rules on a petition for writ of certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). A petitioner seeking review of a judgment of a lower state court must file the petition for writ of certiorari "within 90 days after entry of the order denying discretionary review." Sup. Ct. Rule 13(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §

REPORT AND RECOMMENDATION
Page - 5

2244(d)(2).

The statute of limitations tolls only during the time a properly filed post-conviction, collateral challenge is pending in state court. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999). A state court petition rejected as untimely is not 'properly filed,' and is not entitled to statutory tolling under section 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005).

The Court of Appeals affirmed Petitioner's conviction on May 9, 1997. (Dkt. # 21 at 2). Petitioner did not petition for review. Under 28 U.S.C. § 2244(d), Petitioner's judgment and sentence became final on June 8, 1997, when the 30 days allowed to petition the Washington Supreme Court for review ran out. *See* 28 U.S.C. § 2244(d)(1)(a); RAP 13.4(a) (petition for review must be filed within 30 days after the decision is filed in the Court of Appeals); *Wixom v. Washington,* 264 F.3d 894, 898 (9th Cir. 2001). Thus, AEDPA's statute of limitations started to run in Petitioner's case on June 8, 1997.

The statute of limitation ran out a year later, on June 8, 1998, more than six years before Petitioner filed his personal restraint petition in state court. Accordingly, Petitioner's habeas corpus petition is time-barred. The time bar precludes this Court's review of the merits of his habeas corpus petition, unless the statute of limitations is subject to equitable tolling.

**B.      Equitable Tolling Is Unavailable**

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." *Corjasso*, 278 F.3d at 877 (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Id.* (citations omitted); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Allen v. Lewis*, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's

"lack of diligence" must account for his failure to file a timely petition. *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999). Ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (9th Cir. 2000).

There are no grounds for equitable tolling in this case. There is no evidence of conduct by the State or by Respondents which impeded petitioner's ability to file his federal petition in a timely manner. There is no evidence of lack of clarity in the law or legal unavailability of claims preventing Petitioner from filing his petition or some other extraordinary or unforseen impediment over which he had no control.

Petitioner urges that his petition should not be considered time-barred based on the U.S. Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Ninth Circuit, however, has expressly held that *Blakely* does not apply retroactively to cases which were final at the time or before *Blakely* was announced. *Schardt v. Payne*, 414 F.3d 1025, 1038 (9th Cir. 2005); *State v. Evans*, 154 Wn.2d 438, 448, 114 P.3d 627. In *Cook v. United States*, 386 F.3d 949 (9th Cir. 2004), the Ninth Circuit noted that the Supreme Court "has not made *Blakely* retroactive to cases on collateral review."

Only the United States Supreme Court can make new constitutional rules retroactively applicable. *See Tyler v. Cain*, 533 U.S. 656, 662, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001). Petitioner's conviction became final in 1997. (Dkt. # 21, Exh. 2). Thus, the federal statute of limitations in Petitioner's case expired years before the *Blakely* decision was announced by the U.S. Supreme Court in 2004.

There are no extraordinary circumstances evident in this case requiring application of equitable tolling principles. Therefore, the petition is barred and must be dismissed under 28 U.S.C. § 2244(d).

**VII. CONCLUSION**

This petition is time barred. Accordingly, the petition should be **DISMISSED WITH PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 20, 2007,** as noted in the caption.

Dated this 2nd day of April, 2007.

Karen L. Strombom
United States Magistrate Judge